IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

BRENDA S. SMITH,

        Plaintiff,

    vs.                        Civil Action 2:13-cv-1080
                                  Judge Frost
                                  Magistrate Judge King

COMMISSIONER OF SOCIAL SECURITY,

        Defendant.

## REPORT AND RECOMMENDATION

**I.  Background**

    This is an action instituted under the provisions of 42 U.S.C. § 405(g) for review of a final decision of the Commissioner of Social Security denying plaintiff's application for a period of disability and disability insurance benefits.  This matter is now before the Court on *Plaintiff Brenda S. Smith's Statement of Specific Errors* ("*Statement of Errors*"), Doc. No. 10, *Defendant's Memorandum in Opposition* ("*Commissioner's Response*"), Doc. No. 13, and *Plaintiff's Reply*, Doc. No. 14.

    Plaintiff Brenda S. Smith filed her application for benefits on March 29, 2010, alleging that she has been disabled since May 28, 2009.  *PAGEID* 146.  The application was denied initially and upon reconsideration, and plaintiff requested a *de novo* hearing before an administrative law judge.

    An administrative hearing was held on May 9, 2012, at which plaintiff, represented by counsel, appeared and testified, as did

George Coleman III, who testified as a vocational expert.  *PAGEID* 72.
In a decision dated June 22, 2012, the administrative law judge
concluded that plaintiff was not disabled from May 28, 2009, the
alleged disability onset date, through the date of the administrative
decision.  *PAGEID* 58.  That decision became the final decision of the
Commissioner of Social Security when the Appeals Council declined
review on September 13, 2013.  *PAGEID* 30.

Plaintiff was 46 years of age on the date of the administrative
law judge's decision.  *See PAGEID* 58, 146.  Plaintiff has at least a
high school education, is able to communicate in English, and has past
relevant work as a cook.  *PAGEID* 55.  Plaintiff meets the insured
status requirements of the Social Security Act through December 31,
2014.  *PAGEID* 48.  She has not engaged in substantial gainful activity
since May 28, 2009, her alleged date of onset of disability.  *Id.*

## II.  Administrative Decision

The administrative law judge found that plaintiff's severe
impairments consist of degenerative disc disease, lumbar and cervical;
carpal tunnel syndrome; and plantar fasciitis.  *PAGEID* 48.  The
administrative law judge also found that plaintiff's impairments
neither meet nor equal a listed impairment and leave plaintiff with
the residual functional capacity ("RFC") to

> perform light work as defined in 20 CFR 404.1567(b).
> Specifically: The claimant can occasionally lift and carry
> 20 pounds; frequently lift and carry 10 pounds; push or
> pull to the same extent using hand or foot controls, except
> that the right hand and foot can perform not more than
> frequent pushing or pulling; stand or walk about 6 hours
> and sit about 6 hours in an 8 hour work day; occasionally

2

climb ladders, ropes or scaffolds, and occasionally stoop, crouch and crawl; and frequently use her right hand to handle and finger items.

*PAGEID* 51.  Although this residual functional capacity would preclude plaintiff's past relevant work as a cook, the administrative law judge relied on the testimony of the vocational expert to find that plaintiff is nevertheless able to perform a significant number of jobs in the national economy, including such jobs as cafeteria attendant, fast food worker, and bakery worker.  *PAGEID* 55-57.  Accordingly, the administrative law judge concluded that plaintiff was not disabled within the meaning of the Social Security Act from May 28, 2009, through the date of the administrative decision.  *PAGEID* 58.

**III. Discussion**

Pursuant to 42 U.S.C. § 405(g), judicial review of the Commissioner's decision is limited to determining whether the findings of the administrative law judge are supported by substantial evidence and employed the proper legal standards.  *Richardson v. Perales*, 402 U.S. 389 (1971); *Longworth v. Comm'r of Soc. Sec.*, 402 F.3d 591, 595 (6th Cir. 2005).  Substantial evidence is more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.  *See Buxton v. Haler*, 246 F.3d 762, 772 (6th Cir. 2001); *Kirk v. Sec'y of Health & Human Servs.*, 667 F.2d 524, 535 (6th Cir. 1981).  This Court does not try the case *de novo*, nor does it resolve conflicts in the evidence or questions of credibility.  *See Brainard v. Sec'y of Health & Human Servs.*, 889 F.2d 679, 681 (6th Cir. 1989); *Garner v.*

3

*Heckler*, 745 F.2d 383, 387 (6th Cir. 1984).

In determining the existence of substantial evidence, this Court must examine the administrative record as a whole. *Kirk*, 667 F.2d at 536. If the Commissioner's decision is supported by substantial evidence, it must be affirmed even if this Court would decide the matter differently, *see Kinsella v. Schweiker*, 708 F.2d 1058, 1059 (6th Cir. 1983), and even if substantial evidence also supports the opposite conclusion. *Longworth,* 402 F.3d at 595.

Plaintiff argues, first, that the administrative law judge erred in failing to find obesity as a severe impairment and in failing to consider the effects of obesity on plaintiff's functional abilities. *Statement of Errors*, pp. 8-11. Plaintiff also argues that the administrative law judge failed to meet the requirements of SSR 02-01p by failing to consider obesity in connection with plaintiff's other severe impairments and failing to consider the impact of obesity in the RFC determination. *Id.; Plaintiff's Reply*, pp. 2-6.

Social Security Ruling 02-01p, 2000 WL 628049 (Sept. 12, 2002)("the Ruling"), explains the Commissioner's policy and protocol in connection with the evaluation of obesity. "Obesity is a complex, chronic disease characterized by excessive accumulation of body fat." SSR 02-01p. The Ruling recognizes Body Mass Index (BMI) as one of the indicia of an individual's degree of obesity. *Id*. There are three levels of obesity: Level I includes BMIs of 30.0-34.9, Level II includes BMIs of 35.0-39.9, and Level III includes BMIs of 40.0 and

4

higher.  *Id*.  "Level III, termed 'extreme' obesity and representing
the greatest risk for developing obesity-related impairments, includes
BMIs greater than or equal to 40."  *Id*.  Obesity increases the risk of
developing diseases of the musculoskeletal body systems and sleep
apnea, and may contribute to mental impairments such as depression.
*Id*.

SSR 02-01p provides that, at step two of the five step
evaluation, obesity may be considered a severe impairment alone or in
combination with another medically determinable impairment.  *Id*.  It
further provides that the Commissioner will perform "an individualized
assessment of the impact of obesity on an individual's functioning
when deciding whether the impairment is severe."  *Id*.  The Ruling also
directs that a claimant's obesity must be considered not only at step
two of the Commissioner's five step evaluation process, but also at
the subsequent steps.  The Ruling provides that:

> The effects of obesity may not be obvious.  For example,
> some people with obesity also have sleep apnea. . . .  An
> assessment should also be made of the effect obesity has
> upon the individual's ability to perform routine movement
> and necessary physical activity within the work
> environment.  Individuals with obesity may have problems
> with the ability to sustain a function over time. . . .
> [O]ur RFC assessments must consider an individual's maximum
> remaining ability to do sustained work activities in an
> ordinary work setting on a regular and continuing basis. .
> . .  In cases involving obesity, fatigue may affect the
> individual's physical and mental ability to sustain work
> activity.  This may be particularly true in cases involving
> sleep apnea.
>
> The combined effects of obesity with other impairments may
> be greater than might be expected without obesity.  For
> example, someone with obesity and arthritis affecting a

5

> weight-bearing joint may have more pain and limitation than
> might be expected from the arthritis alone.

*Id.  See also* 20 C.F.R. § 404.1523 ("If we do find a medically severe combination of impairments, the combined impact of the impairments will be considered throughout the disability determination process."). In sum, the administrative law judge "must explain how conclusions regarding a claimant's obesity were reached." *Fleming v. Comm'r of Soc. Sec.*, 284 F. Supp. 2d 256, 271 (D. Md. 2003).  The Ruling is binding on all components of the Social Security Administration. *See* 20 C.F.R. § 402.35(b)(1).

The administrative law judge must consider the impact of a claimant's obesity on her RFC.  At step five of the sequential analysis, the burden shifts to the Commissioner to show that there are other jobs in significant numbers in the economy that the claimant can perform consistent with her RFC, age, education, and work experience. *See Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 548 (6th Cir. 2004); 20 C.F.R. § 404.1520(a)(4)(v).  When the claimant is obese, the administrative law judge must consider this in his assessment.  SSR 02-01p; *Young v. Comm'r of Soc. Sec.*, 282 F. Supp. 2d 890, 897-898 (N.D. Ill. 2003).

In the case presently before the Court, the administrative law judge's opinion did not assess plaintiff's obesity in the manner contemplated by the Ruling.  The administrative law judge considered obesity at step two of the sequential process but determined that plaintiff's obesity was not a severe impairment:

The record also contains diagnoses of obstructive sleep apnea, obesity, nicotine dependence and depression. However, the claimant made no allegations of symptoms or functional limitations resultant from these impairments when she filed for disability benefits. Based on the entire evidence of record, I find that these impairments cause no more than a minimal limitation on the claimant's ability to perform basic work activities.

Specifically, the claimant was diagnosed with obstructive sleep apnea and obesity in November 2010 and was prescribed C-pap with supplemental oxygen and advised to lose weight. This condition seems to be under good control with the CPAP therapy as there is no further mention of it in the record since February 2011 (Exhibit 16F). There is also no evidence of the claimant's falling asleep at inappropriate times or being unable to complete tasks due to severe sleep deprivation caused by the claimant's sleep apnea. The claimant is 5'5" tall and her weight was recorded as 269 pounds (Exhibits 15F, pp. 40-41 and 16F) representing a body mass index (BMI) of 45.

*PAGEID* 49 (footnote omitted). In a footnote, the administrative law judge noted that "[a] person with BMI of 40.0 and above is morbidly obese." *Id*. The administrative law judge did not, however, consider the impact of plaintiff's obesity in combination with her other severe impairments. There is also no mention of the Ruling in the administrative law judge's opinion and there is no indication that the administrative law judge considered the effects of plaintiff's obesity in steps three through five of the sequential evaluation. Moreover, given that sleep apnea, depression, and musculoskeletal impairments were found at step two, and each is an impairment that accompanies, compounds, or is compounded by obesity, *see* SSR 02-01p; *Angelo v. Comm'r of Soc. Sec.*, No. 2:07-cv-796, 2008 WL 3981450, at *4 (S.D. Ohio June 19, 2008) (citing *Fleming*, 284 F. Supp. 2d at 270-72), the Ruling contemplates further consideration and explanation. This is

7

especially true considering that the administrative law judge acknowledged that plaintiff reported being fatigued and tired during the day, gained weight due to trouble moving, and was advised to lose weight and to increase her activity. *See PAGEID* 49, 53-54.

The Commissioner argues that the administrative law judge considered plaintiff's obesity at every step of the sequential process: "At step 4, the ALJ stated that she [sic] considered the exacerbating effects of Plaintiff's obesity when deciding to give significant weight to the opinions of the consultative physicians and in accepting the finding that Plaintiff could perform a range of light work." *Commissioner's Response*, p. 12.  The Commissioner also relies on *Bledsoe v. Comm'r of Soc. Sec.*, 165 F. App'x 408 (6th Cir. 2006), and argues that the administrative law judge did not need to specifically mention obesity because he relied on the reports of consultative examiner Robert J. Thompson, M.D., "who explicitly considered Plaintiff's height and weight (and level of obesity) in finding that she could perform a range of light work." *Commissioner's Response*, p. 13.  These arguments are not well taken.

First, there is no mention of plaintiff's obesity in the administrative law judge's RFC determination or his evaluation of the opinion evidence.  Second, the Commissioner's reliance on *Bledsoe* is misplaced.  In *Bledsoe*, the United States Court of Appeals for the Sixth Circuit held that an administrative law judge "does not need to make specific mention of obesity if he credits an expert's report that considers obesity." *Bledsoe*, 165 F. App'x at 412 (citing *Skarbek v.*

8

*Comm'r of Soc. Sec.*, 390 F.3d 500, 504 (7th Cir. 2004)).  However, it is not apparent here that the reports upon which the administrative law judge relied actually considered plaintiff's obesity.  The June 21, 2010, report of Dr. Thompson notes plaintiff's height and weight, but Dr. Thompson's impression listed only small lumbar disc herniation at L5, S1 and made no further mention of plaintiff's obesity.  *See PAGEID* 347-48.

The administrative law judge's failure to find obesity as a severe impairment at step two may be "legally irrelevant," *see McGlothin v. Comm'r of Soc. Sec.*, 299 F. App'x 516, 522 (6th Cir. 2008), so long as the administrative law judge continued the sequential analysis and considered plaintiff's severe and non-severe impairments in determining plaintiff's residual functional capacity. *See id.*; *O'Neill v. Comm'r of Soc. Sec.*, No. 1:11-cv-1181, 2013 WL 1436648, at *5 (W.D. Mich. Apr. 9, 2013); *Dodson v. Comm'r of Soc. Sec.*, No. 1:12-cv-109, 2013 WL 4014715, at *2 (E.D. Tenn. Aug. 6, 2013).  There is no indication, however, that the administrative law judge considered plaintiff's obesity in determining plaintiff's RFC, nor did the administrative law judge give to plaintiff's obesity the consideration contemplated by the Ruling.

It is therefore **RECOMMENDED** that the decision of the Commissioner be **REVERSED** pursuant to Sentence 4 of 42 U.S.C. § 405(g) and that this action be **REMANDED** for further consideration of plaintiff's obesity consistent with SSR 02-01p.

9

Having concluded that the action must be remanded, the Court need not and does not address plaintiff's remaining arguments.

If any party seeks review by the District Judge of this *Report and Recommendation*, that party may, within fourteen (14) days, file and serve on all parties objections to the *Report and Recommendation*, specifically designating this *Report and Recommendation*, and the part thereof in question, as well as the basis for objection thereto.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  Response to objections must be filed within fourteen (14) days after being served with a copy thereof.  Fed. R. Civ. P. 72(b).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to *de novo* review by the District Judge and of the right to appeal the decision of the District Court adopting the *Report and Recommendation*. *See Thomas v. Arn*, 474 U.S. 140 (1985); *Smith v. Detroit Fed'n of Teachers, Local 231 etc.*, 829 F.2d 1370 (6th Cir. 1987); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

September 2, 2014                              *s/Norah McCann King*_____
                                              Norah M<sup>c</sup>Cann King
                                        United States Magistrate Judge