IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**BRENDA S. SMITH,**

        **Plaintiff,**

v.

**CAROLYN W. COLVIN,**
**COMMISSIONER OF SOCIAL SECURITY,**

    **Defendant.**

**Case No. 2:13-cv-1080**
**JUDGE GREGORY L. FROST**
**Magistrate Judge Norah McCann King**

## OPINION AND ORDER

This action seeks review under 42 U.S.C. § 405(g) of a final decision of Defendant, Carolyn W. Colvin, the Commissioner of Social Security, that denied an application for disability and disability insurance benefits filed by Plaintiff, Brenda S. Smith. On September 2, 2014, the United States Magistrate Judge recommended that the Court reverse the decision of the Commissioner and remand the action. (ECF No. 15, at Page ID # 552.) The matter is now before the Court for consideration of Defendant's objection (ECF No. 16) to the Magistrate Judge's Report and Recommendation and Plaintiff's response (ECF No. 18).

### I. Discussion

#### A. Standard Involved

If a party objects within the allotted time to a report and recommendation, the Court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b). Upon review, the Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

The Court's review "is limited to determining whether the Commissioner's decision 'is supported by substantial evidence and was made pursuant to proper legal standards.'" *Ealy v. Comm'r of Soc. Sec.*, 594 F.3d 504, 512 (6th Cir. 2010) (quoting *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007)); see also 42 U.S.C. § 405(g) ("The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive."). Substantial evidence is such relevant evidence as a reasonable mind might accept to support the ALJ's conclusions. *Bass v. McMahon*, 499 F.3d 506, 506 (6th Cir. 2007).

Put another way, a decision supported by substantial evidence is not subject to reversal, even if the reviewing court might arrive at a different conclusion. *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986). "Substantial evidence exists when 'a reasonable mind could accept the evidence as adequate to support a conclusion [and] . . . presupposes that there is a zone of choice within which the decision-makers can go either way, without interference by the courts.'" *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406 (6th Cir. 2009) (internal citation omitted). Even if supported by substantial evidence, however, "'a decision of the Commissioner will not be upheld where the [Commissioner] fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right.'" *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 651 (6th Cir. 2009) (quoting *Bowen v. Comm'r of Soc. Sec.*, 478 F.3d 742, 746 (6th Cir. 2007)).

**B. Analysis**

In her Report and Recommendation, the Magistrate Judge found that the administrative law judge failed to assess Plaintiff's obesity in the manner contemplated by SSR 02-01p. The Magistrate Judge correctly explained that the administrative law judge failed to consider expressly the impact of Plaintiff's obesity in conjunction with her severe impairments and failed

to provide a sufficient explanation of how the obesity issue was handled. Moreover, as the Magistrate Judge noted, the underlying expert reports do not excuse this handling of Plaintiff's obesity because the reports themselves do not consider expressly the obesity.

Defendant seeks to explain away these issues by assuring the Court that of course the experts and the administrative law judge implicitly considered Plaintiff's obesity. The problem with Defendant's objection is that there is no basis whatsoever in the record supporting such supposition. Mere references to obesity do not equal a sufficient explanation for the treatment afforded that issue, and assumptions about what the experts likely knew do not substitute for actual express determinations. There is no actual evidence that anyone fairly considered and addressed the obesity issue below.

Like the Magistrate Judge, this Court reads the administrative law judge's reasoning to ignore the requisite inquiry that should accompany consideration and evaluation of obesity. The ultimate conclusion regarding Plaintiff's application for disability and disability insurance benefits may or may not be the same as that already reached by the administrative law judge, but Plaintiff is entitled to an explanation of how her obesity factored into that decision. The Magistrate Judge provided a correct and thorough analysis of the profound deficiencies plaguing the administrative law judge's decision, and Defendant's objection simply rehashes arguments sufficiently addressed and disposed of in the Report and Recommendation. The Court incorporates by reference the Magistrate Judge's well-reasoned decision and concludes that Defendant's objection is without merit.

## II. Conclusion

For the foregoing reasons, the Court **OVERRULES** Defendant's objection (ECF No. 16), **ADOPTS** and **AFFIRMS** the Report and Recommendation (ECF No. 15), **REVERSES** the

decision of the Commissioner pursuant to Sentence 4 of 42 U.S.C. § 405(g), and **REMANDS** the action for further consideration of Plaintiff's obesity consistent with SSR 01-01p.  The Clerk shall enter judgment accordingly and terminate this action on the docket records of the United States District Court for the Southern District of Ohio, Eastern Division.

    **IT IS SO ORDERED**.

        /s/ Gregory L. Frost
    GREGORY L. FROST
    UNITED STATES DISTRICT JUDGE